IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RICHARD GREG TURNER | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-103 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Richard Greg Turner, a prisoner currently confined at the Boyd Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied as barred by the applicable statue of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues his state court conviction was not final until the Sixth Court of Appeals issued its mandate on March 29, 2017. Under the AEDPA, however, a state conviction for a petitioner who does not appeal to the state court of last resort becomes final "when the time for seeking further direct review in the state court expires," not when the mandate issues in his case. *See Gonzales v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010) (citing *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003)). As outlined by the Magistrate Judge, petitioner's state court conviction became final on February 3, 2017, 30 days after the judgment of the court of appeals was rendered. TEX. R.

APP. P. 68.2(a). Thus, pursuant to the AEDPA, the one-year limitations period for filing his federal petition began February 4, 2017 and ended February 4, 2018, unless petitioner properly filed a state application for writ of habeas corpus or other collateral review to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's state application for writ of habeas corpus, according to petitioner, was filed with the Bowie County District Clerk on or about March 5, 2018. This was still one month past the February 4, 2018 deadline and thus did not toll the federal filing deadline.

Petitioner alternatively argues that an inadequate law library created a state impediment to him timely filing his petition. Petitioner states the unit's law library was wholly inadequate for carrying out research and filing claims in a timely manner as it had a very limited number of State Law Editions and no West Digest. Objections, pgs. 5-6 (docket entry no. 4). Due to these inadequacies, petitioner states he was "forced" to wait six weeks on two different occasions before he received volumes of the West Digest that was pertinent to his application. *Id*.

Petitioner does not clarify, in arguing a state-created impediment, whether he is seeking an alternative start date pursuant to 28 U.S.C. § 2244(d)(1)(B) or is asking for equitable tolling. Under either theory, petitioner's claim of a state-created impediment lacks merit.

Statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, an inadequate law library may constitute a state-created impediment under subsection (B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here. Petitioner does not allege, much less prove, that he was ignorant of the AEDPA statute of limitations. Rather, he complains about his inability to obtain various state and federal reporters needed to research and present his claims in federal court. *See Strehl v. Dretke*, No. 3:03-CV-2941-M, 2004 WL 396886, at *2 (N.D. Tex. Mar. 1, 2004). However, the § 2254 form petition does not require a petitioner to analyze or cite case law. On this record, petitioner fails to demonstrate a state-created impediment to his timely filing the federal petition.

Instead, under Subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, and as outlined above, the judgment became final upon expiration of the time petitioner had for filing a PDR -- February 3, 2017. TEX. R. APP. P. 68.2(a). Thus, the limitations period commenced on February 4, 2017 and ended February 4, 2018, absent any applicable tolling. As previously stated, petitioner's state application for writ of habeas corpus, according to petitioner, was filed with the Bowie County District Clerk on or about March 5, 2018. This was still one month past the February 4, 2018 deadline and thus did not toll the federal filing deadline. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 2005)). An inadequate law library and lack of legal assistance do not constitute rare and exceptional circumstances that warrant equitable tolling. *See Scott*, 227 F.3d 260 at 263 & n.3; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner's lengthy delay further mitigates against tolling as a matter of equity. The doctrine of equitable tolling is reserved for those persons who diligently pursue their legal remedies. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Therefore, petitioner's federal petition was due on or before February 4, 2018. His petition, filed August 16, 2018, is untimely.[1]

---

[1] August 16, 2018 is the date petitioner declared under penalty of perjury that he placed his federal application for writ of habeas corpus in the prison mailing system. Original Complaint, pg. 10 (docket entry no. 1).

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 19th day of November, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE